IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| **EUGENE BLAKE,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Civil Action No. 2:08-0906** |
| ) | |
| **JAMES RUBENSTEIN, Commissioner,** ) | |
| **West Virginia Division of Corrections,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Plaintiff Lennis Angel's Request to Clerk for Entry of Default (Document No. 59.) and Affidavit in support of his Request (Document No. 60.) filed on December 1, 2008. Plaintiff requests that the Clerk of the Court "[p]lease enter the default of the Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure for their failure to plead or otherwise defend as provided by these rules as appears in the attached affidavit, for all relief sought by Plaintiffs." (Document No. 59.) In his Affidavit (Document No. 60.), Plaintiff states that the Complaint was filed initiating this matter on July 8, 2008. The filing fee was paid in full on October 6, 2008, and Defendants were served with Summonses and the Complaint. Plaintiff states that at the time he filed his Request for Entry of Default, "[i]n accordance with Rule 12(a), and more than thirty (30) days having elapsed since the time of service upon Defendants, and with Defendants' failing to plead or otherwise defend in the above styled case, Plaintiffs hereby ask the Honorable Clerk of Court to enter the default of Defendants for all relief being sought by Plaintiffs as indicated in Plaintiffs' Complaint."

On July 8, 2008, Plaintiff and twelve other inmates at Mount Olive Correctional Center [MOCC] filed a Complaint, an Affidavit and exhibits (Document No. 25.) naming the following entities and persons as Defendants: West Virginia Department of Military Affairs & Public Safety, Division of Corrections[1]; James Rubenstein, Commissioner, West Virginia Division of Corrections; David Ballard, Warden of MOCC; C.J. Rider, Religious Services Coordinator at MOCC [the State Defendants]; Aramark Correctional Services; and Glen McGarry and Keri Coleman, Aramark Supervisors [the Aramark Defendants]. Citing 42 U.S.C. § 1983, Plaintiffs allege that by their actions and policies, Defendants have without any compelling or legitimate penological interest placed a substantial burden on their practice of the Hare Krishna religion in violation of the First, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and the Religious Land Use and Institutionalized Persons Act (RLUIPA) 42 U.S.C. §§ 2000cc- 2000cc-5(Document No. 25, ¶¶ 9, 10, 21, 25, 26, 37 - 44, 75 - 101, 102.) Plaintiffs also filed Applications to Proceed Without Prepayment of Fees. (Document Nos. 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23 and 31.) By Order filed on August 7, 2008, United States Magistrate Judge Stanley denied Plaintiffs' Applications to Proceed Without Prepayment of Fees requiring Plaintiffs each to pay a portion of the Court's $350 filing fee and providing that "[s]ummonses will not be issued unless and until the entire filing fee is paid." (Document No. 37.) Plaintiffs made payments toward the filing fee and finished paying it on October 6, 2008. (Document Nos. 48, 51 and 52.) Thereafter in late October and November and in early December, 2008, after he filed his Request for Entry of Default, Plaintiff Lennis Angel sent letters to the Clerk requesting a copy of the Docket Sheet and inquiring respecting the status of the

---

[1] The West Virginia Division of Corrections is a public safety division of the West Virginia Department of Military Affairs & Public Safety.

case and the issuance of Summonses. (Document Nos. 53, 55, and 61.) The Clerk issued Summonses on December 11, 2008. (Document Nos. 65 and 66.) The United States Marshals Service served the Summonses upon the Defendants on December 31, 2008, and January 6 and February 6, 2009. (Document Nos. 85 - 90 and 116.) On December 23, 2008, though they had apparently not been served with Summonses and copies of the Complaint, the State Defendants filed a Motion to Dismiss Plaintiffs' Complaint and Memorandum in Support. (Document Nos. 69 and 70.) The Aramark Defendants filed their Answer on January 28, 2009. (Document No. 94.) The Aramark Defendants filed a Motion to Dismiss Plaintiffs' Complaint on February 11, 2009, joining the State Defendants in their Motion to Dismiss. (Document No. 108.)

Federal Rule of Civil Procedure 12(a) and (b) provide generally that Defendants must serve answers or Motions to Dismiss upon certain grounds "within 20 days after being served with the summons and complaint[.]" Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." It clearly appears from the record that Plaintiff filed his Request for Entry of Default prematurely before the Clerk issued Summonses, and Defendants answered Plaintiffs' Complaint and/or filed Motions to Dismiss within the time period established by the Federal Rules of Civil Procedure. Indeed, it appears that the State Defendants did so before they were served. For these reasons, Plaintiff Lennis Angel's Request for Entry of Default (Document No. 59.) must be denied.

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff Lennis Angel's Request for Entry of Default (Document No. 59.).

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to send a copy to Plaintiff Lennis Angel, who is acting *pro se*, and transmit a copy to counsel of record.

Date: August 5, 2009.

*R. Clarke VanDervort* (signature)
R. Clarke VanDervort
United States Magistrate Judge